**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| BOYD HALL, | ) No. C 05-4426  MMC (PR) |
| Petitioner, | ) **ORDER DENYING MOTION TO DISMISS; ORDER TO SHOW CAUSE** |
| v. | ) |
| A.P. KANE, | ) |
| Respondent. | ) **(Docket No. 4)** |
| _____ | ) |

12

13

14

15

16

17          On October 31, 2005, petitioner, a California prisoner incarcerated at the San Quentin

18     State Prison, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C.

19     § 2254, challenging the decision by the California Board of Prison Terms ("Board") finding

20     petitioner unsuitable for parole.  The Court ordered respondent to show cause why the

21     petition should not be granted.  Respondent has filed a motion to dismiss the petition,

22     petitioner has filed an opposition, and respondent has filed a reply.

23                                    **BACKGROUND**

24          In 1987, in San Bernardino County Superior Court, petitioner was convicted of second

25     degree murder and assault with a deadly weapon.  He was sentenced to a state prison term of

26     fifteen years to life plus five years.  In 2003, the Board, for the third time, found him

27     unsuitable for parole.  Petitioner has challenged this finding in habeas petitions filed at all

28     three levels of the California courts.

**United States District Court**
For the Northern District of California

**DISCUSSION**

Respondent argues the petition should be dismissed for lack of subject matter jurisdiction because petitioner has no federally protected liberty interest in parole.  For the reasons set forth below, the Court finds respondent's argument unpersuasive.

Although there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," a state's statutory parole scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutionally protected liberty interest.  See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7, 11-12 (1979) (finding Nebraska parole statute, providing board "shall" release prisoner subject to certain restrictions, creates due process liberty interest in release on parole); Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (finding Montana parole statute, providing board "shall" release prisoner subject to certain restrictions, creates due process liberty interest in release on parole).  Where such mandatory language is used, a prisoner gains a legitimate expectation in parole that cannot be denied without adequate procedural due process protections.  See id. at 373-81; Greenholtz, 442 U.S. at 11-16.

California's parole scheme is set forth in California Penal Code § 3041.  Section 3041(b) states that the parole board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting."  Cal. Pen. Code § 3041(b).[1]  Respondent's argument that this language does not give rise to a federally protected liberty interest has been rejected by the Ninth Circuit on two separate occasions.  First, in McQuillion v. Duncan, 306 F.3d 895

[1] If the Board finds the individual eligible for parole pursuant to § 3041(b), the Board sets a minimum parole eligibility date pursuant to § 3041(a), with the goal of providing uniform terms for individuals with similar offenses.  In re Dannenberg, 34 Cal. 4th 1061, 1098 (Cal. 2005).

2

United States District Court

For the Northern District of California

1   (9th Cir. 2002), the Ninth Circuit found § 3041(b) contains the same type of mandatory

2   language as the parole statutes at issue in <u>Allen</u> and <u>Greenholtz</u>, which language, as

3   determined by the Supreme Court, gives rise to a protected liberty interest in release on

4   parole.  <u>See id.</u> at 901-02.  Accordingly, the Ninth Circuit concluded, "California's parole

5   scheme gives rise to a cognizable liberty interest in release on parole."  <u>Id.</u> at 902.[2]  The

6   following year, in <u>Biggs v. Terhune</u>, 334 F.3d 910 (9th Cir. 2003), the Ninth Circuit

7   reaffirmed this holding, finding § 3041(b) contains mandatory language that gives rise to a

8   federally protected liberty interest in release on parole.  <u>See id.</u> at 914-16 (finding Board's

9   decision that petitioner was unsuitable for parole implicated his federally protected liberty

10  interest in release on parole).  Consequently, the law of this Circuit is that § 3041(b) gives

11  rise to a federally protected liberty interest in release on parole, an interest implicated in the

12  instant case by the Board's determination that petitioner is unsuitable for parole.

13      Respondent argues that the decisions in <u>Greenholtz</u> and <u>Allen</u> are not applicable to the

14  instant case in light of the Supreme Court's decision in <u>Sandin v. Conner</u>, 515 U.S. 472

15  (1995).  This argument was rejected by the Ninth Circuit in both <u>McQuillion</u>, <u>see</u> 306 F.3d at

16  903, and <u>Biggs</u>, <u>see</u> 334 F.3d at 914.

17      Respondent also argues that the decisions in <u>McQuillion</u> and <u>Biggs</u> are no longer

18  applicable in light of the California Supreme Court's more recent decision in <u>In re</u>

19  <u>Dannenberg</u>, 34 Cal. 4th 1061 (Cal. 2005).  In <u>Dannenberg</u>, the Board determined

20  Dannenberg to be unsuitable for parole under § 3041(b) based on a finding that the nature of

21  his second degree murder conviction demonstrated a continuing danger to public safety; the

22  Board performed no analysis pursuant to § 3041(a) as to whether his term of incarceration

23  conformed to that of other second degree murderers.  <u>See id.</u> at 1074-75.  The California

24  Supreme Court granted certiorari to decide whether § 3041 prevents the Board from denying

25  parole without conducting the uniformity analysis specified in § 3041(a), <u>see id.</u> at 1077, and

26  held the Board need not engage in such an analysis under § 3041(a) if it first determines that

27

28      [2]The Ninth Circuit further noted that, in light of <u>Greenholtz</u> and <u>Allen</u>, its holding was based
    on "clearly established" federal law within the meaning of AEDPA. <u>See id.</u>

**United States District Court**
For the Northern District of California

1   public safety concerns require a lengthier period of incarceration, thereby making an inmate

2   unsuitable for parole under § 3041(b).  See id. at 1098.

3        This Court is required to give considerable weight to a state court's definitive

4   interpretation of a state statute.  See Gurley v. Rhoden, 421 U.S. 200, 208 (1975).

5   Dannenberg, however, did not decide the question raised herein, namely, whether § 3041(b)

6   gives rise to a protected liberty interest in release on parole.  Rather, because it found the

7   language in § 3041 was not "mandatory" with respect to uniformity of release dates under

8   § 3041(a), see Dannenberg, 34 Cal. 4th at 1086-87, the California Supreme Court concluded

9   that a California inmate has no liberty interest in a "uniform parole release date" under

10  § 3041(a).  See Dannenberg, 34 Cal. 4th at 1098 n.18.  In so holding, Dannenberg did not

11  address the question of whether the language in § 3041(b) contains the kind of mandatory

12  language that creates a federally protected liberty interest in release on parole.  Absent some

13  further pronouncement from the California Supreme Court or the Ninth Circuit on that

14  question, this Court follows the decisions in McQuillion and Biggs, and finds the Board's

15  decision in this case implicates a federally protected liberty interest in release on parole.[3]

16       Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 2254 to

17  decide whether petitioner's Fourteenth Amendment right to due process was violated by the

18  Board's determination that he was not suitable for parole.

### CONCLUSION

20       In light of the foregoing, the Court orders as follows:

21       1.      Respondent's motion to dismiss is DENIED.

22       2.      Respondent shall file with the Court and serve on petitioner, within 60 days of

23  the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules

24

25       [3]The Court notes that district courts in California have reached differing conclusions as to this
    question.  Compare Murillo v. Perez, 2005 WL 2592420 at *3 n.1 (C.D. Cal. Oct. 12, 2005) (finding
26  Dannenberg holding limited to uniform term provision of subsection (a) of § 3041; finding holding in
    McQuillon, that mandatory language of subsection (b) creates liberty interest, remains unchanged);
27  Saif'ullah v. Carey, 2005 WL 1555389 at * 8 (E.D. Cal. June 28, 2005) (finding, after Dannenberg,
    liberty interest in parole in California); Hudson v. Kane, 2005 WL 2035590 at * 7 (N.D. Cal. Aug.
28  23, 2005) (same); with Sass v. California Bd. of Prison Terms, 376 F. Supp. 2d 975, 981 (E.D. Cal.
    2005) (finding no protected liberty interest in parole under § 3041 after Dannenberg).

1  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

2  granted based on petitioner's cognizable claim.  Respondent shall file with the answer and

3  serve on petitioner a copy of all portions of the state trial record that have been transcribed

4  previously and that are relevant to a determination of the issues presented by the petition.

5         If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

6  the Court and serving it on respondent within 30 days of the date the answer is filed.

7         This order terminates Docket No. 4.

8         IT IS SO ORDERED.

9  DATED: July 25, 2006

10                                             _____
                                               MAXINE M. CHESNEY
                                               United States District Judge