IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOYD F. HALL, III, | No. C 05-4426 MMC (PR) |
| Petitioner, | Ninth Circuit Case No. 09-15218 |
| v. | **ORDER DENYING CERTIFICATE OF APPEALABILITY; DIRECTIONS TO CLERK** |
| A.P. KANE, Warden, | |
| Respondent. | |

On October 31, 2005, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a Board of Prison Terms' ("Board") decision finding him unsuitable for parole. The Court, by order filed December 23, 2008, denied the petition on the merits. Judgment was entered that same date.

On January 26, 2008, petitioner filed a notice of appeal. At that time, Ninth Circuit case law held that a certificate of appealability ("COA") was not required for habeas petitions challenging the Board's denial of parole. See Rosas v. Nielsen, 428 F.3d 1229, 1231-32 (9th Cir. 2005) (per curiam); White v. Lambert, 370 F.3d 1002, 1004 (9th Cir. 2004). Consequently, the Clerk processed the appeal herein without a ruling on whether a COA

should issue.  On April 22, 2010, the Ninth Circuit overruled those portions of Rosas and White that relieved a prisoner from obtaining a COA to review the denial of a habeas petition challenging an administrative decision denying parole.  See Hayward v. Marshall, No. 06-55392, 2010 WL 1664977, at *5 (9th Cir. Apr. 22, 2010) (en banc); see also 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  On May 25, 2010, the Ninth Circuit, pursuant to the Hayward decision, remanded the instant case to this Court for the limited purpose of deciding whether a COA should be granted.  The Court next addresses that issue.

A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate must indicate which issues satisfy this standard.  See id. § 2253(c)(3); United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).  If the request to issue a certificate is declined, the court must state the reasons why the certificate should not be granted.  Id.  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In denying the instant petition, the Court found the state court's decision rejecting petitioner's claims, specifically, his claims that (1) the evidence was insufficient to deny parole, and (2) the Board was operating under an anti-parole policy, was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent, nor was such decision based on an unreasonable determination of the facts.  (Order, filed Dec. 23, 2008, at 4:21-8:8. )  For the same reasons stated by the Court in so ruling, the Court concludes the instant action is not a case in which reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong.

Accordingly, a COA is hereby DENIED.

//
//
//

The Clerk shall forward a copy of this order to the Ninth Circuit Court of Appeals, and shall close the file.

IT IS SO ORDERED.

DATED: June 2, 2010

MAXINE M. CHESNEY
United States District Judge